CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. AYGAZ USTYAN                                    DKT. NO. 1:19CR00533-1

## PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Daniel Bath, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Aygaz Ustyan, who was placed on supervision by the Honorable Mitchell S. Goldberg, sitting in the United States  District Court in Philadelphia, Pennsylvania, on October 31, 2018 .  The defendant was sentenced to 6 months and 1 day imprisonment and 3 years' supervised release for an offense of Count 1: Trafficking of Counterfeit Access Devices and Aiding and Abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and (2); Count 2: Possession of 15 or More Counterfeit Devices, in violation of 18 U.S.C. § 1029(a)(3); and Counts Three through Seven: Aggravated Identity Theft and Aiding and Abetting, in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(4). Supervision commenced on February 13, 2019, and is set to expire on February 12, 2022.  On December 19, 2019, jurisdiction of the defendant's case was transferred from the Eastern District of Pennsylvania to the District of Colorado and assigned to the Honorable Daniel D. Domenico. As noted in the judgment [Document 1-1], the court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant submitted a positive urine specimen for opiates on August 26, 2019, and again, on November 12, 2019. I confronted the defendant on these positive urine specimens on November 20, 2019, and the defendant reported that he did not use any opiates. I instructed the defendant to submit a urinalysis at the office the following day. The defendant did not submit this urine specimen, as instructed.

At the defendant's December 10, 2019, office visit I again confronted the defendant regarding the positive opiate tests. The defendant reluctantly stated he had been using opiates. He then informed me he would start taking Suboxone to help manage his opiate addiction. I was in support of this plan and encouraged the defendant to continue to work on issues in his required substance abuse treatment to go along with his medically assisted treatment.  Additionally, on this date, the defendant provided a positive urine specimen for opiates and signed an Admission/Denial Report and admitted to using "oxy [*sic*] for about 2 weeks" and "thc [*sic*] use 4 days ago." The defendant further indicated he would be meeting with both a Suboxone provider and a psychologist to help further address his needs.

Unfortunately, the defendant provided another positive urine sample for opiates and cannabinoids on January 23, 2020. Without knowledge of the positive urine specimen results, I conducted a home visit on January 25, 2020, and had the defendant provide a urine specimen. The urine specimen tested positive for benzodiazepines, buprenorphine, cannabinoids, fentanyl, hydrocodone and opiates.

At the defendants February 10, 2020, office visit the defendant signed an Admission/Denial Report and made the following comment, "I took oxy [*sic*] now knowing that it might be fentenayl [*sic*]." On this date, the defendant agreed that he needed additional structure to help him gain sobriety and agreed to comply with the added condition to reside at the residential reentry center (RRC). I told the defendant I agreed with his analysis and encouraged him to keep working toward gaining sobriety at the RRC.

On February 10, 2020, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  First Assistant U.S. Attorney Matthew T. Kirsch was contacted and has no objection to the proposed modification.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of Supervised Release to include the following special condition:

1.  You must reside in a Residential Reentry Center (RRC) for a period of 180 days, to commence as directed by the probation officer and must observe the rules of that facility. You may be discharged earlier than 180 days by the Probation Office, if you are determined to be in full compliance with conditions of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Daniel Bath*
Daniel Bath
United States Probation Officer
Place:   Denver
Date:    February 12, 2020

*s/Edgar T. Ruiz*
Edgar T. Ruiz
Supervisory United States Probation Officer
Place:   Denver
Date:    February 12, 2020