CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. AYGAZ USTYAN                                        DKT. NO. 1:19CR00533-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Daniel Bath, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Aygaz Ustyan, who was placed on supervision by the Honorable Mitchell S. Goldberg, sitting in the United States District Court in Philadelphia, Pennsylvania, on October 31, 2018.  The defendant was sentenced to 6 months and 1 day imprisonment and 3 years' supervised release for an offense of Count 1: Trafficking of Counterfeit Access Devices and Aiding and Abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and (2); Count 2: Possession of 15 or More Counterfeit Devices, in violation of 18 U.S.C. § 1029(a)(3); and he was sentenced to 1 year supervised released, to run concurrently to Counts 1 and 2, on each Counts 3 through 7: Aggravated Identity Theft and Aiding and Abetting, in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(4). The defendant has satisfied his terms of supervised release as to Counts 3 through 7. Supervision commenced on February 13, 2019, and is set to expire on February 12, 2022, on the remaining charges.  On December 19, 2019, jurisdiction of the defendant's case was transferred from the Eastern District of Pennsylvania to the District of Colorado and assigned to the Honorable Daniel D. Domenico. As noted in the judgment [Document 1-1], the court ordered mandatory, special and standard conditions of supervision.  On February 13, 2020, the Court granted the Petition to Modify Conditions of Supervision [Document 2]. On April 28, 2020, the Court granted the Petition for Warrant of Person Under Supervision [Document 6]. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 18, 2020, the defendant used or administered a controlled substance, opiates, that had not been prescribed for him by a physician.  This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of opiates carries a penalty of over 12 months' imprisonment.[1]

---

[1] The Probation Office believes that the defendant's possession and use of opiates is a Grade B violation. According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year.  In *U.S. v Rockwell*, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession.  In *U.S. v Robles*, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is

On April 22, 2020, I spoke with the defendant and he admitted to relapsing with and overdosing on opiates and "spice" (a synthetic marijuana) over the weekend, on or about April 18, 2020. The defendant admitted that he was taken to Swedish Hospital by ambulance when he overdosed. On April 18, 2020, a urine specimen was collected from the defendant by Independence House South Federal Residential Reentry Center (RRC) staff that tested positive for opiates.

## 2. FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)

On or about April 24, 2020, the defendant's placement at the residential reentry center (RRC) was terminated due to ongoing noncompliance. This constitutes a Grade C violation of supervised release.

On February 28, 2020, the defendant commenced his 180-day placement at the RRC based on his continued use of illicit substances. On April 24, 2020, the defendant's placement at the RRC was rejected by Program Director Matthew Brandt, because of his failure to follow the RRC rules and regulations.

On April 18, 2020, the defendant was charged with violating Prohibited Act #113; Possession of any narcotics, marijuana, drugs, alcohol, or intoxicants.  On April 22, 2020, I received an Incident Report from RRC staff regarding the defendant overdosing and being in possession of narcotics while at the RRC. The incident report outlines that on April 18, 2020, at 10:29 p.m., another client reported that the defendant was not breathing and passed out in the bathroom of his assigned room. At approximately 10:34 p.m. staff escorted firefighters with the Denver Fire Department and paramedics to the defendant's room. In the room staff collected a pill, synthetic marijuana, foil, blunt (a cigar filled with a form of marijuana), blunt wraps, roach (marijuana cigarette), and a baggie of spice (synthetic marijuana) from the defendant's locker and on the bathroom floor. At approximately 10:42 p.m. the defendant was taken to Swedish Hospital by ambulance. At approximately 11:45 p.m., Denver Police returned and collected the drugs and contraband. At the time of this writing no new law violations for the defendant can be found regarding this incident. The defendant admitted to me that he used synthetic marijuana and opiates before this incident occurred.

---

a Grade B violation under USSG §7B1.1.  In *U.S. v Rodriguez*, 945 F.3d 1245 (10th Cir. 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.  Further, in U.S. v. Draper, 2019 WL 1552732 (10th Cir. April 2019), the Court applied penalties under state law in finding Grade B violations for possession and use.  In this case, based on aggravating circumstances applicable to this defendant, pursuant to C.R.S. 18-18-403.5, opiates, a Schedule II Controlled Substance, is punishable by more than one-year imprisonment.

Case 1:19-cr-00533-DDD   Document 16   Filed 05/04/20   USDC Colorado   Page 3 of 5

Aygaz Ustyan  
1:19CR00533-1

Superseding Petition Due to Violations of Supervision  
Page 3:

May 4, 2020

On or about April 24, 2020, the defendant was in violation of Prohibited Act #309; Violating a condition of Community Program. On April 24, 2020, I received an Incident Report from RRC staff regarding the defendant introducing contraband to their facility and leaving his room without permission while on total hold. The Incident Report outlines that on April 24, 2020, at 12:17 a.m., the defendant was observed by RRC staff on security cameras leaving his room while on complete hold to go to the smoking area and get an unknown item from an unknown person who slid the unknown item under the fence. RRC staff subsequently conducted a pat search of the defendant, which resulted in RRC staff finding a tin foil with resin and ash concealed in the defendant's shoe.

Consequently, the defendant's RRC placement has been terminated. The defendant did not have permission from anyone at the Probation Office to terminate his placement at the RRC.

### 3. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about December 10, 2019, the defendant used or administered a controlled substance, opiates, that had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of opiates carries a penalty of over 12 months' imprisonment.

At the defendant's December 10, 2019, office visit, the defendant stated he had been using opiates that he purchased from someone selling on Colfax Avenue. Additionally, on this date, the defendant provided a positive urine specimen for opiates and signed an Admission/Denial Report and admitted to using "oxy [*sic]* for about 2 weeks" and "thc [*sic*] use 4 days ago." The defendant further indicated he would be meeting with both a Suboxone provider and a psychologist to help further address his needs. The urine specimen collected at this meeting subsequently tested positive for both opiates and cannabinoids.

### 4. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 25 and February 10, 2020, the defendant used or administered a controlled substance, fentanyl, that had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of fentanyl carries a penalty of over 12 months' imprisonment.

I conducted a home visit on January 25, 2020, and had the defendant provide a urine specimen. The urine specimen tested positive for benzodiazepines, buprenorphine, cannabinoids, fentanyl, hydrocodone and opiates.

Case 1:19-cr-00533-DDD   Document 16   Filed 05/04/20   USDC Colorado   Page 4 of 5

| | | |
|---|---|---|
| Aygaz Ustyan<br>1:19CR00533-1 | Superseding Petition Due to Violations of Supervision<br>Page 4: | May 4, 2020 |

At the defendants February 10, 2020, office visit, I discussed this urine specimen, and the defendant signed an Admission/Denial Report and made the following admission, "I took oxy [*sic*] now knowing that it might be fentenayl [*sic*]." A urine specimen was also collected from the defendant at this meeting on February 10, 2020, which tested positive for fentanyl.

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 6] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Daniel Bath*
  Daniel Bath
  United States Probation Officer
  Place:   Denver
  Date:    May 4, 2020

*s/Edgar T. Ruiz*
  Edgar T. Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    May 4, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony for Counts 1 and 2, and a Class E felony for Counts 3 through 7 (which have been satisfied), thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 8 to 14 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of danger to the community. The defendant is currently at high risk to continue using opiates, this is evidenced by the defendant using and introducing opiates and synthetic marijuana to the RRC. The RRC has unsuccessfully discharged the defendant from their program. I am unable to secure prompt inpatient treatment for the defendant and his needs would go unmet without being detained while pending this revocation.

Additionally, the defendant has a pending law violation for Controlled Substance Possession > 4 Grams Scheduled 1/ 2 Controlled Substance, a Class 4 drug felony; Driving Under the Influence, an unclassified misdemeanor; and Drug Paraphernalia-Possession a Drug, petty offense, Arapahoe County Court, Case No. 20CR672. While on supervised release the defendant's high-risk behaviors have continued to escalate with the defendant admitting to using fentanyl daily to introducing contraband to a secure facility to support his opioid dependency. This jeopardizes his own health, the health of the staff and other participants at the RRC. It is in the defendant's and communities' best interest for him to be detained pending revocation proceedings.

Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.