CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. AYGAZ USTYAN                               DKT. NO. 1:19CR00533-1

## SECOND SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Daniel Bath, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Aygaz Ustyan, who was placed on supervision by the Honorable Mitchell S. Goldberg, sitting in the United States District Court in Philadelphia, Pennsylvania, on October 31, 2018.  The defendant was sentenced to 6 months and 1 day imprisonment and 3 years' supervised release for an offense of Count 1: Trafficking of Counterfeit Access Devices and Aiding and Abetting, in violation of 18 U.S.C. §§ 1029(a)(1) and (2); Count 2: Possession of 15 or More Counterfeit Devices, in violation of 18 U.S.C. § 1029(a)(3); and he was sentenced to 1 year supervised released, to run concurrently to Counts 1 and 2, on each Counts 3 through 7: Aggravated Identity Theft and Aiding and Abetting, in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(4). The defendant has satisfied his terms of supervised release as to Counts 3 through 7. Supervision commenced on February 13, 2019, and is set to expire on February 12, 2022, on the remaining charges.  On December 19, 2019, jurisdiction of the defendant's case was transferred from the Eastern District of Pennsylvania to the District of Colorado and assigned to the Honorable Daniel D. Domenico. As noted in the judgment [Document 1-1], the court ordered mandatory, special and standard conditions of supervision.  On February 13, 2020, the Court granted the Petition to Modify Conditions of Supervision [Document 2]. On April 28, 2020, the Court granted the Petition for Warrant of Person Under Supervision [Document 6]. On May 4, 2020, the Probation Office filed a superseding petition [Document 16]. On June 19, 2020, the defendant was ordered released from custody and placed on pretrial supervision with the Conditions of Release being ordered [Document 26]. On September 24, 2020, the court granted the Petition for Warrant on Defendant on Pretrial Release [Document 32]. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

**1. POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 18, 2020, the defendant used or administered a controlled substance, opiates, that had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On April 22, 2020, I spoke with the defendant and he admitted to relapsing with and overdosing on opiates and "spice" (a synthetic marijuana) over the weekend, on or

about April 18, 2020. The defendant admitted that he was taken to Swedish Hospital by ambulance when he overdosed. On April 18, 2020, a urine specimen was collected from the defendant by Independence House South Federal Residential Reentry Center (RRC) staff that tested positive for opiates.

## 2. FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)

On or about April 24, 2020, the defendant's placement at the residential reentry center (RRC) was terminated due to ongoing noncompliance. This constitutes a Grade C violation of supervised release.

On February 28, 2020, the defendant commenced his 180-day placement at the RRC based on his continued use of illicit substances. On April 24, 2020, the defendant's placement at the RRC was rejected by Program Director Matthew Brandt, because of his failure to follow the RRC rules and regulations.

On April 18, 2020, the defendant was charged with violating Prohibited Act #113; Possession of any narcotics, marijuana, drugs, alcohol, or intoxicants.  On April 22, 2020, I received an Incident Report from RRC staff regarding the defendant overdosing and being in possession of narcotics while at the RRC. The incident report outlines that on April 18, 2020, at 10:29 p.m., another client reported that the defendant was not breathing and passed out in the bathroom of his assigned room. At approximately 10:34 p.m. staff escorted firefighters with the Denver Fire Department and paramedics to the defendant's room. In the room staff collected a pill, synthetic marijuana, foil, blunt (a cigar filled with a form of marijuana), blunt wraps, roach (marijuana cigarette), and a baggie of spice (synthetic marijuana) from the defendant's locker and on the bathroom floor. At approximately 10:42 p.m. the defendant was taken to Swedish Hospital by ambulance. At approximately 11:45 p.m., Denver Police returned and collected the drugs and contraband, there are no new law violations related to this incident. On April 22, 2020, I spoke with the defendant and he admitted to relapsing with and overdosing on opiates and "spice" (a synthetic marijuana) over the on or about April 18, 2020.

On or about April 24, 2020, the defendant was in violation of Prohibited Act #309; Violating a condition of Community Program. On April 24, 2020, I received an Incident Report from RRC staff regarding the defendant introducing contraband to their facility and leaving his room without permission while on total hold. The Incident Report outlines that on April 24, 2020, at 12:17 a.m., the defendant was observed by RRC staff on security cameras leaving his room while on complete hold to go to the smoking area and get an unknown item from an unknown person who slid the unknown item under the fence.  RRC staff subsequently conducted a pat search of the defendant, which resulted in RRC staff finding a tin foil with resin and ash concealed in the defendant's shoe.

Consequently, the defendant's RRC placement has been terminated.  The defendant did not have permission from anyone at the Probation Office to terminate his placement at the RRC.

Case 1:19-cr-00533-DDD   Document 46   Filed 11/12/20   USDC Colorado   Page 3 of 4

| | | |
|---|---|---|
| Aygaz Ustyan<br>1:19CR00533-1 | Second Superseding Petition Due to Violations of Supervision<br>Page 3: | November 12, 2020 |

### 3. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about December 10, 2019, the defendant used or administered a controlled substance, opiates, that had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

At the defendant's December 10, 2019, office visit, the defendant stated he had been using opiates that he purchased from someone selling on Colfax Avenue. Additionally, on this date, the defendant provided a positive urine specimen for opiates and signed an Admission/Denial Report and admitted to using "oxy [*sic*] for about 2 weeks" and "thc [*sic*] use 4 days ago." The defendant further indicated he would be meeting with both a Suboxone provider and a psychologist to help further address his needs. The urine specimen collected at this meeting subsequently tested positive for both opiates and cannabinoids.

### 4. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 25 and February 10, 2020, the defendant used or administered a controlled substance, fentanyl, that had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

I conducted a home visit on January 25, 2020, and had the defendant provide a urine specimen. The urine specimen tested positive for benzodiazepines, buprenorphine, cannabinoids, fentanyl, hydrocodone and opiates.

At the defendants February 10, 2020, office visit, I discussed this urine specimen, and the defendant signed an Admission/Denial Report and made the following admission, "I took oxy [*sic*] now knowing that it might be fentenayl [*sic*]." A urine specimen was also collected from the defendant at this meeting on February 10, 2020, which tested positive for fentanyl.

### 5. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about and July 18, 2020, and August 3, 2020, the defendant used or administered a controlled substance, cannabinoids on July 18 and cocaine on August 3, that had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On July 18, 2020, the defendant submitted to a random urinalysis at Independence House North that tested positive for cannabinoids. On July 28, 2020, I spoke with the defendant, and he admitted to ingesting a cannabidiol (CBD) that he purchased at a gas station on or about July 18, 2020.

On August 3, 2020, the defendant submitted to a random urinalysis at Independence House North that tested positive for cocaine. On August 14, 2020, I spoke with the defendant, and he admitted to ingesting cocaine and fentanyl that he found in his car on

August 2, 2020.  The defendant was verbally admonished and warned of possible consequences should his noncompliance continue.  The defendant was advised to enter the 6-month inpatient program, Step Denver, when the first bed is available. The defendant was given this opportunity so he could work on and address his substance abuse disorder. The defendant successfully entered Step Denver on August 25, 2020. Unfortunately, the defendant was unsuccessfully discharged from Step Denver on September 21, 2020, for breaking curfew.

## RESPECTFULLY REQUESTING

That this second superseding petition replace the previously submitted superseding petition [Document 16] and that the Court consider revocation of supervision at the violation hearing based on the second superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Daniel Bath*
  Daniel Bath
  United States Probation Officer
  Place:   Denver
  Date:    November 12, 2020

*s/Edgar T. Ruiz*
  Edgar T. Ruiz
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    November 12, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony for Counts 1 and 2, and a Class E felony for Counts 3 through 7 (which have been satisfied), thus the maximum sentence allowed upon revocation is 2 years' imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category III, thus the advisory guideline range for revocation is 5 to 11 months.