**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No. 19-cr-00533**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**

**AYGAZ USTYAN,**

       **Defendant.**

---

**GOVERNMENT'S POSITION REGARDING
THE DEFENDANT'S VIOLATIONS OF SUPERVISED RELEASE**

---

The defendant has been charged in a Second Superseding Petition Due to Violations of Supervised Release that alleges five violations of his supervised release.    ECF No. 46 (the "Petition").    A hearing in this matter is set for November 19, 2020 at 2:30 p.m.    The government anticipates that the defendant will admit to each of the violations.    For reasons it will set forth on the record at the hearing, the government will seek a sentence of time served.

The government submits this memorandum in advance of the hearing to (1) summarize the pending charges, (2) provide background legal principles, and (3) articulate its position that using schedule II controlled substances like oxycodone and fentanyl while on supervised release is a Grade B, rather than Grade C, violation of supervised release. While the grade of the violation does not affect the government's recommendation in this case, it is still important as a matter of formal law because it sets the baseline for evaluating the ultimate reasonableness of any sentence imposed in this case.   *United States v. Rosales-Miranda*, 755 F.3d 1253, 1259-60

1

(10th Cir. 2014).

## BACKGROUND

The defendant was convicted of trafficking counterfeit access devices, possessing fifteen or more of those devices, and aggravated identity theft.   He pleaded guilty to those crimes on February 20, 2018 in the Eastern District of Pennsylvania and was sentenced to 6 months and 1 day of imprisonment on November 2, 2018.   The sentence also included a three-year term of supervised release.

The defendant's supervised release began on February 13, 2019.   In December 2019 his supervision was transferred here to the District of Colorado. Almost immediately, his Colorado probation officer was forced to confront the defendant about his opioid use.   To the defendant's credit, he ultimately admitted to the problem and agreed to reside in a Residential Reentry Center (RRC).   His placement there began on February 28, 2020.

Unfortunately, the increased supervision and structure that comes with living at the RRC did not help.   On April 18, 2020 the defendant was found passed out in his bathroom after overdosing on opiates.   Timely intervention saved his life.   But after returning to the RRC from the hospital, the defendant tried to smuggle a package with resin and ash into the facility.   The consequence was removal from the RRC.

After termination from the RRC, the defendant was given the opportunity to enter a six-month inpatient program.   He entered that program on August 25, 2020 but was terminated less than month later, on September 21, 2020, for failing to abide by the program's curfew.

## ALLEGED VIOLATIONS

The Petition alleges five violations:

- On or about December 10, 2019 the defendant used oxycodone without a prescription (Violation 3);

- On or about January 25, 2020, and February 10, 2020 the defendant used fentanyl without a prescription (Violation 4);

- On or about April 18, 2020 the defendant used an opiate and "spice" (synthetic marijuana).   This is the violation inside the RRC that almost resulted in the defendant's death. (Violation 1);

- On or about April 24, 2020 the defendant was kicked out of the RRC (Violation 2);

- In or about and between July and August 2020 the defendant used cannabinoids, cocaine, and fentanyl (Violation 5).

## LEGAL STANDARD

Supervised release revocation hearings are not formal trials and the rules of evidence need not be strictly observed.   Fed. R. Evid. 1101(d)(3); *see Morrisey v. Brewer*, 408 U.S. 471, 489 (1972) (concluding that revocation proceedings should be flexible affairs involving the consideration of material that would not be admissible at a formal trial); *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994).   Revocation of supervised release requires that the court find, by a preponderance of the evidence, that the defendant violated the terms and conditions of his release.   18 U.S.C. § 3583(e)(3); *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006) (citing *Johnson v. United States*, 529 U.S. 694, 698 (2000).   Upon such a finding, the court may: (a) revoke supervised release and impose a term of imprisonment of all or part of the supervised release term authorized by statute, without credit for time services; (b) under certain conditions extend the term of supervised release; or (c) modify, reduce, or enlarge the conditions of supervised release.   18 U.S.C § 3583(e).

When a court revokes supervised release and imposes a term of imprisonment, it may

3

impose another period of supervised release after imprisonment.   18 U.S.C. § 3583(h).   Any sentence imposed by the court for a violation of supervised release may be served consecutive to the sentence the defendant is serving for a separate conviction.   18 U.S.C. § 3584; *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1255 (10th Cir. 2006).   The court's decision on whether to revoke the terms of supervised release will be overturned on appeal only if there is an abuse of discretion.   *United States v. McAfee*, 998 F.2d 835, 837 (10th Cir. 1999).   A sentence within the Guidelines range is presumed to be reasonable.   *United States v. McBride*, 633 F.3d 1229, 1233 (10th Cir. 2011).

## DETERMINATION OF SENTENCE

The court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) society's interest in affording adequate deterrence to criminal conduct; (3) the protection of the public from future crimes of the defendant and needed correctional treatment; (4) the advisory guidelines range; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution.   18 U.S.C §3583(e) (cross-referencing certain specific factors set forth at18 U.S.C. § 3553(a)).[1]

As set forth below, the offense underlying the defendant's current period of supervised release is a felony under state law, which makes it a Grade B violation.   *See* 18 U.S.C. §3559(a)(1).   The Court may revoke the defendant's period of supervised release and impose a maximum penalty of two years of incarceration and three years, less any term of imprisonment

---

[1] The 3553(a) factors excluded from the Court's consideration under 3583(e) are (1) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and (2) the need to consider the kinds of sentences available.

4

imposed, of supervised release.   18 U.S.C. §§3583(b)(2), (e)(3) & (h); *see generally United States v. Hernandez*, 655 F.3d 1193 (10th Cir. 2011) (explaining the interaction between these statutory provisions).

**THE SENTENCING GUIDELINES RANGE**

The Guidelines suggest a term of 8-14 months' imprisonment, based on the defendant's Criminal History Category III at the time of conviction and the alleged Grade B violation.   *See* U.S.S.G. § 7B1.1(b) (explaining that where there is more than violation, the most serious violation governs); U.S.S.G. § 7B1.4.

**ABUSING FENTANYL AND OXYCODONE WHILE ON SUPERVISED RELEASE IS A GRADE B VIOLATION**

The Probation Officer's Initial Petition for Warrant on Person Under Supervision, ECF No.6, contained a lengthy footnote citing numerous authorities in support of the principle that possessing and using opioids is a Grade B violation of supervised release.   ECF No. 6 (citing *United States v. Rockwell*, 984 F.2d 1112 (10th Cir. 1993), *overruled on other grounds by Johnson v. United States*, 529 U.S. 694 (2000) (equating drug use with drug possession); *United States v. Robles*, 447 F. App'x 892 (10th Cir. 2012) (same); *United States v. Draper*, No. 18-3187, 2019 WL 1552732 (10th Cir. April 10, 2019) (applying state law to determine whether underlying violation is a felony, and therefore a Grade B violation); Colo. Rev. Stat. § 18-18-403.5(2)(a) (classifying any possession of a schedule II controlled substance as a level 4 drug felony).

Without any explanation, the current Petition deletes this footnote, ignores the relevant authority and *sotto voce* reclassifies the defendant's drug use as a Grade C violation.   There is no justification to do so here.

5

The U.S. Sentencing Guidelines establish three grades of supervised release violations. Grade A violations are criminal offenses, punishable by imprisonment for more than one year, that are crimes of violence, controlled substance offenses, certain firearms offenses, or other offenses punishable by imprisonment for more than 20 years.    U.S.S.G. § 7B1.1(a)(1). Grade B violations are any other offense punishable by more than one year in prison. Grade C violations are offenses punishable by one year or less, or any other supervised release violation.    U.S.S.G. § 7B1.1(a)(2), (a)(3).

Possession of opioid controlled substances like oxycodone and fentanyl is a level 4 drug felony under Colorado Law, punishable by up to 2 years' imprisonment.    Col. Rev. Stat. §§ 18-1.3-401.5., 18-18-403.5.    These statute establishe a "presumptive range" of 6 months to 1 year, and an "aggravated range" of 1 to 2 years' imprisonment. A list of nonexclusive aggravating factors is set out at § 18-1.3-401.5(10)(a), which requires the sentencing court to impose a higher sentence. This includes committing the possession offense while the defendant is on parole for another felony offense, as was the case here.

Drug use is the equivalent of drug possession, which means that the defendant's admitted use of opiates is an admitted Colorado drug felony that should properly be classified as a "Grade B" violation of supervised release.    *See Rockwell*, 984 F.2d at 1114-15; *Draper*, 768 F. App'x at 834; *People v. Cagle*, 751 P.2d 614, 620 (Colo. 1988) (en banc) (holding that using a drug

must involve possession).    For these reasons, the proper guideline range in this case is 8-14

months.

Dated this 15th day of November, 2020.

Respectfully submitted,

JASON R. DUNN
United States Attorney

*/s/ Bryan David Fields*
BRYAN DAVID. FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado    80202
(303) 454-0100
FAX: (303) 454-0403
Email: bryan.fields3@usdoj.gov
Attorney for the government

**I hereby certify that the foregoing pleading complies with the type-volume limitation set
forth in Judge Domenico's Practice Standard III(A)(1).**

**CERTIFICATE OF SERVICE** (CM/ECF)

**I HEREBY CERTIFY** that I have, this 15th day of November, electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Bryan David Fields*
BRYAN DAVID. FIELDS
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado   80202
(303) 454-0100
FAX: (303) 454-0403
Email: bryan.fields3@usdoj.gov
Attorney for the government