IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-CR-00533

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

AYGAZ USTYAN,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Revocation of Supervised Release)

_____

      Proceedings before the HONORABLE DANIEL D. DOMENICO,

Judge, United States District Court for the District of

Colorado, commencing at 10:40 a.m., on the 23rd day of

November, 2020, in Courtroom A702 via telephone conference,

United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription
Produced via Computer by Tracy Weir, 901 19th Street,
Room A259, Denver, Colorado 80294, (303) 335-2358

1                              **APPEARANCES**

2        BRYAN FIELDS, Assistant U.S. Attorney, 1801 California

3 Street, Suite 1600, Denver, Colorado 80202, appearing for the

4 plaintiff.

5        JENNIFER BECK, Assistant Federal Public Defender , 633

6 17th Street, 10th Floor, Denver, Colorado 80202, appearing for

7 the defendant.

8                            *   *   *   *   *

9                          **PROCEEDINGS**

10        (In open court at 10:40 a.m.)

11        *THE COURT:*  Good morning.  This is Judge Domenico.  Is

12 everybody there?  Can you hear me?  Ms. Glover?

13        *MS. BECK:*  Yes, Your Honor.

14        *MR. FIELDS:*  Yes, Your Honor.

15        *THE COURT:*  Okay.  Thank you, all.

16        So we are on this call for a final revocation -- a

17 final hearing for revocation of supervised release in case

18 19-cr-00533, United States of America versus Ustyan.

19        As I said, we're proceeding by telephone conference

20 pursuant to the CARES Act.  Video teleconferencing is not

21 reasonably available because the defendant is currently being

22 held in quarantine at the detention facility due to possible

23 COVID-19 exposure.  We had to move this hearing today to

24 telephone.

25        I'm going to now ask everybody to enter their

1    appearances, starting with the Government, and then for the

2    defendant, and then the probation department, and then I'll

3    make sure Mr. Ustyan is able to hear.

4            For the Government, please.

5            *MR. FIELDS:*  Good morning, Your Honor.  This is AUSA

6    Bryan Fields for the United States.

7            *THE COURT:*  Good morning, Mr. Fields.  Thank you.

8            For the defendant.

9            *MS. BECK:*  Good morning, Your Honor.  Jennifer Beck

10   appearing on behalf of Mr. Ustyan who is present at the Denver

11   downtown detention center.  He appears on the phone as well.

12   I'm appearing from my home office, and Mr. Ustyan does agree to

13   appear by telephone pursuant to the CARES Act and the Court's

14   general order.

15           *THE COURT:*  All right.  Thank you.

16           Mr. Ustyan, can you hear everybody okay?

17           *THE DEFENDANT:*  Yes, Your Honor, I can.

18           *THE COURT:*  And can you just confirm that you consent

19   to proceeding in this manner?

20           *THE DEFENDANT:*  Yes, Your Honor.  I consent to

21   proceeding and going.  Yes, Your Honor.

22           *THE COURT:*  All right.  Thank you.  I appreciate that.

23           I believe Officer Daniel Bath is present for the

24   probation department.  Mr. Bath?

25           *MR. BATH:*  Hi.  This is Officer Bath.  I'm present.

1          *THE COURT:* All right.  Great.  Welcome.  And

2    Ms. Glover I heard on the line.  So we will go ahead and

3    proceed.

4          The record reflects that Mr. Ustyan previously pled

5    guilty to charges involving identity theft, possession and

6    trafficking of counterfeit access devices in the Eastern

7    District of Pennsylvania.

8          On October 23, 2018, he was sentenced to six months

9    and one day in prison followed by a three-year term of

10   supervised release.

11         He was ultimately transferred to this district, and on

12   April 27, 2020, his probation officer petitioned to revoke his

13   supervised release.

14         Now currently before the Court is the second

15   superseding petition for revocation, which was filed

16   November 12, 2020.

17         For the record, the Court notes that it has received

18   and reviewed the following documents for this hearing today.

19         Document 46 on the docket, which is the second

20   superseding petition due to violations of supervision.

21         Document 47, supervised release violation report.

22         Document 48, the Government's position regarding the

23   defendant's violations of supervised release.

24         And I've also looked at the judgment and presentence

25   investigation report from the Eastern District of Pennsylvania

1    file.

2           Is there anything else, Mr. Fields, that you think I

3    should have reviewed in addition to those documents?

4           *MR. FIELDS:*  No, Your Honor.

5           *THE COURT:*  Ms. Beck?

6           *MS. BECK:*  No, Your Honor.  Thank you.

7           *THE COURT:*  All right.  Thank you.

8           Ms. Beck, has your client received and had an

9    opportunity to review the petition and the violation report?

10          *MS. BECK:*  Yes, Your Honor.

11          *THE COURT:*  And my understanding is that Mr. Ustyan

12    intends to admit to the alleged violations; is that correct?

13          *MS. BECK:*  Yes, it is.

14          *THE COURT:*  All right.  Thank you.

15          So, Mr. Ustyan, the courtroom deputy, Ms. Glover, is

16    now going to administer the oath to you.

17          Ms. Glover, please proceed.

18          (Defendant sworn.)

19          *THE DEFENDANT:*  Yes.

20          *THE COURT:*  Okay.  Thank you.

21          So, Mr. Ustyan, I want to make sure you understand you

22    just took an oath to tell me the truth, and if you answer any

23    of my questions falsely today, your answers could be used

24    against you in a separate prosecution for perjury, or making a

25    false statement.  Do you understand that?

1          *THE DEFENDANT:* Yes, Your Honor, I do.

2          *THE COURT:* Okay. Thank you. So I'm now going to ask

3     you a series of questions. If you can't hear me or don't

4     understand, please let us know, and we'll try to clarify it,

5     and if you need to consult with Ms. Beck before answering any

6     questions, that's fine. We'll figure out a way to make that

7     happen. So just let me know if you need to do that, okay?

8          *THE DEFENDANT:* Okay. Thank you.

9          *THE COURT:* All right. What is your full legal name?

10          *THE DEFENDANT:* Aygaz Ustyan.

11          *THE COURT:* How old are you?

12          *THE DEFENDANT:* 33.

13          *THE COURT:* What was the highest grade you completed

14     in school?

15          *THE DEFENDANT:* Freshman year of high school.

16          *THE COURT:* Do you have any trouble understanding,

17     speaking, reading, or writing in English?

18          *THE DEFENDANT:* No, Your Honor.

19          *THE COURT:* Okay. Are you currently under the

20     influence of alcohol, drugs, or medication?

21          *THE DEFENDANT:* No, Your Honor.

22          *THE COURT:* Have you taken any of those things in the

23     last 24 hours?

24          *THE DEFENDANT:* No, Your Honor.

25          *THE COURT:* As far as you know, do you suffer from any

 1   diagnosed form of mental illness or emotional disability?

 2          *THE DEFENDANT:*  Yes, Your Honor.  I was diagnosed with

 3   PTSD, anxiety, and depression.

 4          *THE COURT:*  Okay.  And do you think any of those

 5   issues make you unable to understand what we're talking about

 6   and what we're doing today?

 7          *THE DEFENDANT:*  No, Your Honor.

 8          *THE COURT:*  Okay.  Is there anything at all about the

 9   way you feel physically or mentally that prevents you from

10   understanding what we're doing today?

11          *THE DEFENDANT:*  No, Your Honor.

12          *THE COURT:*  Okay.

13          Ms. Beck, is there any reason you know of that your

14   client should not proceed today?

15          *MS. BECK:*  No, Your Honor.

16          *THE COURT:*  All right.  Thank you.

17          Mr. Ustyan, have you read the superseding petition of

18   the violations in the supervised release violation report, the

19   documents we're talking about today?

20          *THE DEFENDANT:*  Yes, Your Honor.

21          *THE COURT:*  And did you have a chance to discuss and

22   ask Ms. Beck any questions you had about those documents?

23          *THE DEFENDANT:*  Yes, Your Honor.

24          *THE COURT:*  Okay.  I'm now going to make sure you

25   understand the process we're going through and that you have a

1   number of rights that you will be giving up if you admit to the

2   allegations in the petition.

3          You don't have to admit anything.  You have the right

4   to have the truth of the allegations determined at a public

5   hearing where the proof would be on the Government to establish

6   the violations by a preponderance of the evidence.

7          You have the right to be represented by an attorney at

8   that hearing and every other stage of these proceedings.

9          If you cannot afford a lawyer, the Court would appoint

10  one to represent you free of charge.

11         At the hearing, you have the right, with the

12  assistance of your attorney, to confront and cross-examine all

13  witnesses and challenge all evidence presented against you.

14         At the hearing, you have the right to call your own

15  witnesses and present your own evidence.  If you can't afford

16  to do so, this can be done at the expense of the Government.

17         You also have the right to have witnesses subpoenaed

18  and compelled to come to court to testify on your behalf.

19         You have the right to testify at the hearing, but you

20  have the right to remain silent if you choose.  That means you

21  cannot be required to testify or otherwise give any evidence

22  against yourself.

23         Do you understand these rights?

24         *THE DEFENDANT:*  Yes, Your Honor.

25         *THE COURT:*  Do you understand that if you admit the

1    violations in the petition, we won't be having that hearing,

2    and you won't be able to appeal the issue of whether you

3    violated the conditions of your supervised release?

4              THE DEFENDANT:  Yes, Your Honor.  I understand.

5              THE COURT:  All right.  Thank you.

6              So now we'll talk about the possible penalties if you

7    do admit to the violations in the petition.

8              Do you understand that the probation officer has

9    advised that the most serious allegation in the petition is a

10   grade C violation.

11             The Government argues that the most serious violation

12   is a grade B violation.

13             If the Court finds a grade B violation, pursuant to

14   the sentencing guideline, the Court is required to revoke your

15   supervised release.

16             Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor, I do.

18             THE COURT:  If it's a grade C violation, with your

19   criminal history category III, the advisory sentencing range is

20   5 to 11 months.

21             With a grade B violation, the advisory sentencing

22   range would be 8 to 14 months.

23             Do you understand that?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  And do you understand that if I impose a

1    sentence of imprisonment, I can also impose an additional term

2    of supervised release, meaning that when you are released from

3    imprisonment, you will be back -- you could be back on

4    supervised release yet again.

5            Do you understand that?

6            *THE DEFENDANT:*  Yes, Your Honor.

7            *THE COURT:*  And do you understand that any sentence I

8    impose can be consecutive to any other sentence you may be

9    serving or subject to?

10           *THE DEFENDANT:*  Yes, Your Honor.

11           *THE COURT:*  All right.  In determining your sentence,

12   the Court will be required to consider factors that are set

13   forth in 18 U.S. Code Section 3553(a), which are as follows:

14           The nature and circumstances of the offense and the

15   history and characteristics of you, the defendant; the need for

16   the sentence imposed to afford adequate deterrence to criminal

17   conduct; to protect the public from further crimes by you; and

18   provide you with needed educational or vocational training or

19   other correctional treatment in the most effective manner; the

20   kinds of sentences and sentencing range established in the

21   sentencing guidelines; pertinent public policy; the need to

22   avoid unwarranted sentencing disparities among defendants with

23   similar records found guilty of similar conduct; and the need,

24   if any, to provide restitution to any victims.

25           Do you understand that I have the authority to impose

1   a sentence that is either more or less severe than the sentence

2   that's recommended by the sentencing guidelines?

3            THE DEFENDANT:  Yes, Your Honor, I understand.

4            THE COURT:  All right.  Thank you.  So with those

5   consequences in mind, do you agree to give up your right to

6   hearing on the petition and the constitutional rights you would

7   have at such a hearing?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  All right.

10           Ms. Beck, do you concur in your client's waiver of the

11   hearing?

12           MS. BECK:  Yes, I do, Your Honor.

13           THE COURT:  All right.

14           The petition alleges, then, that on April 18, 2020,

15   you used or administered opiates that had not been prescribed

16   for you by a physician.

17           It further alleges that on April 24, 2020, your

18   placement at the Residential Reentry Center was terminated due

19   to ongoing noncompliance.

20           It further alleges that on December 10, 2019, you used

21   or administered opiates that had not been prescribed for you by

22   a physician.

23           It further alleges that on January 25 and February 10,

24   2020, you used or administered fentanyl that had not been

25   prescribed for you by a physician.

1          And it alleges that on July 18, 2020, you used or

2   administered cannabinoids.

3          And on August 3, 2020, you used or administered

4   cocaine, neither of which had been prescribed for you by a

5   physician.

6          Do you admit or deny these allegations?

7          *THE DEFENDANT:*  I admit, Your Honor.

8          *THE COURT:*  All right.  Thank you.

9          Ms. Beck, do you stipulate there is a factual basis

10  for your client's admission?

11         *MS. BECK:*  Yes, I do, Your Honor.

12         *THE COURT:*  All right.  Thank you.

13         The Court then finds as follows:

14         The defendant is fully competent to admit the

15  allegations of the petition, and he understands the nature of

16  the allegations and the consequences of his admission.

17         The defendant understands his legal rights in this

18  case and has knowingly and voluntarily waived those rights.

19         The defendant's admission of the allegations in the

20  petition was made knowingly and voluntarily.

21         There's a factual basis for the defendant's admission

22  of the allegations in the petition.

23         Based on the evidence presented, it has been

24  established by a preponderance of the evidence that the

25  defendant has committed the violations alleged in the petition.

 1          Based on these findings, it is ordered that the

 2    defendant's admissions are accepted.

 3          The Court finds, based on these admissions, that the

 4    defendant has violated the conditions of supervised release as

 5    alleged in the petition.

 6          We will now proceed to sentencing on those violations.

 7          Here, I note the Government has objected to the

 8    supervised violation report arguing that the most serious

 9    violations alleged are grade B violations rather than grade C

10    as suggested in the report.

11          The dispute here seems to be whether the possession

12    and use of opiates and other substances in violations 1, 3, 4,

13    and 5 are punishable by a term of imprisonment exceeding one

14    year, which would make them grade B violations.

15          Having looked at this, I am persuaded by the

16    Government, and my inclination is to agree with the parties and

17    think that time served, all things considered -- a sentence of

18    time served is probably appropriate, and so this may be a bit

19    academic.

20          Ms. Beck, do you want to respond or have anything to

21    say about whether it's grade B or grade C?

22          *MS. BECK:*  Your Honor, I think I would agree with the

23    Government at this point that these are grade B violations, but

24    I also agree with the Court that it's academic from my

25    perspective because I am going to be asking the Court to

1    sentence Mr. Ustyan to a time-served sentence, and the

2    guidelines here in this case are double advisory because -- you

3    know, the guidelines as they pertain to any supervised release

4    violation are really policy statements.

5             THE COURT:  Sure.  I appreciate that.

6             Well -- okay.  I'll just say that I think under

7    Colorado statute 18-18-403-5, it does look like at least --

8    we've got at least one felony punishable by more than one year,

9    which would make these grade B violations, and I will make that

10   finding.  This qualifies as a grade B.

11            Mr. Fields, I assume you don't have anything to add on

12   that.  Do you also agree that based on a grade B violation and

13   a criminal history category of III, that would make the

14   advisory sentencing range 8 to 14 months?

15            MR. FIELDS:  I do agree, Your Honor.

16            THE COURT:  And, Ms. Beck, do you also agree?

17            MS. BECK:  Yes, Your Honor.

18            THE COURT:  All right.  Thank you.

19            As I said, based on that -- and I agree with Ms. Beck.

20   We're sort of doubly advisory here.  My inclination is to, all

21   things considered, sentence Mr. Ustyan to time served, plus

22   supervised release.  He's been in for, I think, three and a

23   half months now, which is getting close to four months, which I

24   think the policy statement would allow even without going below

25   it.

1        Why don't I go ahead and hear first from Mr. Fields,

2    the Government's position, Ms. Beck, and then Mr. Ustyan can

3    make any statement he would like to before I make a final

4    decision.

5        Mr. Fields.

6        *MR. FIELDS:*  Thank you, Your Honor.  Yes.  As stated

7    in our position paper, the Government also believes that a

8    sentence of time served is appropriate in this case.

9        These factors, in consideration of that

10   recommendation, are, first, the defendant has completely

11   accepted responsibility for the violation.  In fact, the

12   defendant did come in to speak with the Government.  He

13   identified his drug dealer who the United States can seek out

14   that drug dealer who is distributing drugs that are, as the

15   Court knows, quite deadly and in Mr. Ustyan's case were near

16   fatal.

17       That's a huge consideration and speaks to Mr. Ustyan's

18   real sincere efforts to do everything he can to remove himself

19   from temptation and from drugs.

20       As the petition sort of lays out, he had mixed success

21   with that, but the Government is hopeful that he will continue

22   in his efforts to abstain from opioids.

23       The second consideration here is the search condition.

24   The Government believes that that condition is really important

25   for ensuring continued deterrence and for making sure even

1    though the defendant is released on a sentence of time served,

2    he has ample incentives to, again, continue to not use drugs.

3          For those reasons, the Government would ask for a

4    sentence of time served but also ask the search condition laid

5    out in the condition of supervised release report be imposed in

6    this case.

7          *THE COURT:*  All right.  Thank you, Mr. Fields.  I

8    appreciate that.

9          Ms. Beck.

10         *MS. BECK:*  Thank you, Your Honor.  We also believe

11   that a sentence of time served is appropriate here.  Mr. Ustyan

12   has served 108 days total.  His initial arrest back in April

13   through June 19 puts him at 52 days at that point, and then he

14   was rearrested on September 29 and has been in custody up until

15   today.  That's an additional 56 days, for 108 days.

16         That's the only sort of objection I would have with

17   respect to the final report that was filed by probation.  Our

18   numbers are a little off.  The hearing date also changed.

19         You know, I think that given the violations here,

20   given Mr. Ustyan's severe substance abuse disorder and mental

21   health issues and acceptance of responsibility, really trying

22   to do everything that he can to work on his sobriety, I think,

23   you know, 108 days in light of all of this is really the

24   appropriate sentence.

25         I don't think that any more time in custody for

1   someone who's suffering from an addiction really makes a lot of

2   sense.  You can't really incarcerate your way out of addiction.

3   We know that.

4           So here I think what the Court should be focused on is

5   making sure that Mr. Ustyan can be safe while on supervised

6   release.

7           We don't object to any of the conditions that are

8   being asked of by the probation office.  We're okay with all of

9   those.

10          Mr. Ustyan does want to be able to engage in treatment

11   again.  I know that he wants to have a conversation with his

12   probation officer about where the best treatment is going to

13   be.

14          He has a lot of family support.  His girlfriend, his

15   young daughter, his family, his parents, his sister.  You know,

16   everybody is behind him and wants the best for him, and I think

17   that he's at a place right now where he's hoping to transfer

18   his supervised release out of the State of Colorado and really

19   get away from some of the influences and the people that he

20   knows here.

21          One of the things that's mentioned in the final report

22   is that, you know, his ties to the community are not the most

23   pro social, and so finding a way for him to get to a place

24   where he's not, you know, tempted to go back to his old friends

25   and that sort of thing is really what he wants to do.

1          I know that there's a specific program out in Missouri

2    that his family knows about and that he knows about that he's

3    interested in.  Obviously, his supervised release would have to

4    be transferred, and that's the whole thing.

5          What it really speaks to is Mr. Ustyan is willing to

6    do whatever it takes so that he can get sober, so that he can

7    stay in his daughter's life, and he can be a good partner, a

8    good son, a good brother to the people who are standing beside

9    him and would do anything, really, to support him.

10          If released from custody, his plan is to go live with

11   his parents where he was before he entered Denver, and he would

12   wait until he got back into an in-patient treatment program.

13          We're hopeful that the Court would go along with our

14   recommendation here and sentence Mr. Ustyan to time served.

15   Thank you.

16          *THE COURT:*  All right.  Thank you, Ms. Beck.

17          Mr. Ustyan, do you wish to make any statement before I

18   make a final decision?

19          *THE DEFENDANT:*  Yes, Your Honor.  Thank you.  I'm

20   planning on going back into a treatment program.  Whether it's

21   going here back in Step Denver or if probation lets me go back

22   to Missouri, I'm trying to get my life on track.  That's it,

23   Your Honor.

24          *THE COURT:*  All right.  Thank you.

25          I appreciate everybody's statements.  I'm ultimately

1  in agreement that what's best for Mr. Ustyan and what seems

2  best for society is no more incarceration at this time.

3          So the Court finds that the most serious grade

4  violation admitted by the defendant is a grade B violation.

5          The defendant's criminal history is category III,

6  which would result in an advisory guideline range of 8 to 14

7  months' imprisonment.

8          Based on the Court's finding that the defendant has

9  violated conditions of supervised release as alleged in the

10  petition, it is ordered and adjudged that defendant, Aygaz

11  Ustyan's, supervised release is revoked, and the defendant is

12  sentenced to time served.

13          The defendant shall also be placed on supervised

14  release for a term of 18 months.

15          Within 72 hours of release from the custody of the

16  Bureau of Prisons, the defendant shall report in person to the

17  probation office in the district to which he is released, which

18  should be here in Colorado.

19          Mr. Ustyan, while on supervised release, you must not

20  commit another federal, state, or local crime.

21          You must not unlawfully possess a controlled

22  substance.

23          You must refrain from any unlawful use of a controlled

24  substance.

25          You must submit to one drug test within 15 days

1  released from imprisonment and at least two periodic tests

2  thereafter.

3       As determined by the Court, you must cooperate in the

4  collection of DNA as directed by the probation officer.

5       You must make restitution in accordance with 18 U.S.

6  Code Sections 3663 and 3663(a), or any other statute

7  authorizing a sentence of restitution.

8       You were previously ordered to pay restitution in the

9  amount of $5,867.33.  I understand you have a remaining balance

10 of $1,842.33.  You are ordered to pay the balance of that

11 restitution.  The interest requirement, though, is waived.

12      You must comply with the standard conditions adopted

13 by this Court in general order 2019-6.

14      The Court also finds that the following special

15 conditions of supervision are determined to be reasonably

16 related to the factors listed in 18 U.S. Code Section 3553(a)

17 and 3583(d).

18      Based on the nature and circumstances of the offense,

19 the history and characteristics of this particular defendant,

20 the following conditions do not constitute a greater

21 deprivation of liberty than is reasonably necessary to

22 accomplish the goals of sentencing.

23      You must participate in a Step Denver program or a

24 similar program for in-patient substance abuse as approved by

25 the probation officer, and you must follow the rules and

1 regulations of this program.

2       The probation officer, in consultation with the

3 treatment provider, will supervise your participation in the

4 program as to modality, duration, and intensity.

5       You must abstain from the use of alcohol or other

6 intoxicants during the course of treatment.

7       You must participate in a program of testing and/or

8 treatment for substance abuse approved by the probation officer

9 and follow the rules and regulations of that program.

10       The probation officer, in consultation with the

11 treatment provider, will supervise your participation in the

12 program as to modality, duration, and intensity.

13       You must not attempt to obstruct, tamper with, or

14 circumvent testing methods.

15       You must pay for the cost of testing and treatment

16 based on your ability to pay.

17       You must participate in a program of mental health

18 treatment approved by the probation officer and follow the

19 rules and regulations of such program.

20       The probation officer, in consultation with the

21 treatment provider, will supervise your participation in the

22 program as to modality, duration, and intensity.  You must pay

23 the cost of this treatment based on your ability to pay as

24 well.

25       You must participate in a program of cognitive

1  behavioral treatment approved by the probation officer, and you

2  must follow the rules and regulations of such program.

3         The probation officer, in consultation with the

4  treatment provider, will supervise your participation in the

5  program as to modality, duration, and intensity.

6         You must pay for the costs of this treatment based on

7  your ability to pay.

8         You must submit your person, property, house,

9  residence, papers, or office to a search conducted by a United

10 States probation officer.

11        Failure to submit to the search may be grounds for

12 revocation of release.

13        You must warn any other occupants that the premises

14 may be subject to searches pursuant to this condition.

15        An officer may conduct a search pursuant to this

16 condition only when reasonable suspicion exists that you have

17 violated a condition of your supervision and that the areas to

18 be searched contain evidence of this violation.

19        Any search must be conducted at a reasonable time and

20 in a reasonable manner.

21        So this sentence is based on my review of the record,

22 including the supervised release violation report, the

23 Government's sentencing statement, the arguments presented here

24 today, and Mr. Ustyan's statement and after considering the

25 sentencing guidelines and factors set forth in 18 U.S. Code

1    Section 3553(a).

2        This is a bit below the range recommended by the

3    guideline's policy statements.  They are, of course, only

4    advisory and do not limit my discretion in this case.

5        As the Government pointed out, Mr. Ustyan does appear

6    to have taken full responsibility for his violation and has, in

7    fact, attempted not just taking responsibility, but started to

8    help do something about it.  It sounds like he is developing a

9    plan for what he will do when he gets back out that will,

10   hopefully, prevent him from going down this road again.

11       I know it's a difficult thing to break, but it sounds

12   like some good decisions have been made and some plans may be

13   in place that will help you, Mr. Ustyan.

14       I note that while there was quite a bit of back

15   sliding, there were some clear efforts at compliance while on

16   supervised release before.

17       Given the 108 days that Mr. Ustyan has already spent

18   in custody and the unusually difficult circumstances that

19   custody involves these days, I think that additional

20   incarceration would not help serve the purposes of sentencing.

21       Overall, I believe the sentence is sufficient, but not

22   greater than necessary, to achieve the purposes of sentencing

23   that are set forth in 18 U.S. Code Section 3553(a).

24       Mr. Ustyan, you have the right to appeal this

25   sentence.  If you desire to appeal, a notice of appeal must be

1     filed with the clerk of court within 14 days after the entry of
2     judgment, or the right to appeal will be lost.

3         If you're unable to afford an attorney, one will be
4     appointed for you by the Court.

5         If you request, the clerk of the court must
6     immediately prepare and file a notice of appeal on your behalf.

7         Is there anything else before we go on behalf of the
8     Government, Mr. Fields?

9         *MR. FIELDS:* No, Your Honor. Thank you very much.

10         *THE COURT:* Ms. Beck?

11         *MS. BECK:* No, Your Honor. Thank you.

12         *THE COURT:* All right.

13         Well, with that, Mr. Ustyan, good luck to you. Be
14     careful. You are remanded to the custody of the United States
15     Marshal for processing for release, and the Court will be in
16     recess. Thank you.

17         *COURTROOM DEPUTY CLERK:* Court is in recess.

18         (Court stood in recess at 11:14 a.m.)

19         * * * * *

20         **REPORTER'S CERTIFICATE**

21      I certify that the foregoing is a correct transcript from
22     the record of proceedings in the above-entitled matter. Dated
23     at Denver, Colorado, this 23rd day of December, 2020.

24

25                      *S/Tracy Weir*
                           Tracy Weir